IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| DOUGLAS PAIGE,<br><br>      Plaintiff,<br><br>v.<br><br>TRACEY at YELLOWSTONE<br>COUNTY DETENTION FACILITY,<br><br>      Defendant. | Case No. CV-24-73-BLG-DWM<br><br>**ORDER** |

Defendant Tracey has moved for summary judgment on Plaintiff Douglas Paige's Complaint. (Docs. 41 – 45.) After a delay, Paige responded. (Doc. 47.) The motion is granted.

**I.   BACKGROUND**

At the time of filing his Complaint, Plaintiff Paige was a federal detainee at Yellowstone County Detention Facility. (Doc. 2 at 2.) He alleged that detention center staff, namely Food Director Tracey, was not providing him with the kosher food that is required by his religion. (Doc. 2 at 4.) In particular, he alleged that pots and pans "were used with defiled food," only vegetables and peanut butter were kosher, and food preparers were not using "instructions provided through…Jewish dietary laws." (Doc. 2 at 5.) Paige alleged that his treatment at Yellowstone County

1

violated his First and Fourteenth Amendment rights. (Doc. 2 at 3.)

## II. ANALYSIS

### A. Standard for Summary Judgment

Federal Rule of Civil Procedure 56(a) entitles a party to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The movant bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A material fact is one that might affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Disputed facts that do not change the Court's analysis under the law may be disregarded.

Once the moving party has satisfied its burden, the non-moving party must go beyond the pleadings and designate by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Id.* at 324. In deciding a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party and draws all justifiable inferences in the non-moving party's favor. *Anderson v.*

2

*Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Betz v. Trainer Wortham & Co., Inc.*, 504 F.3d 1017, 1020-21 (9th Cir. 2007). But "[a] conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact." *F.T.C. v. Publishing Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997).

**B. Discussion**

Defendant's motion disputes Plaintiff's claims in his Complaint that the food he was served at Yellowstone County was not a sufficient kosher diet. (Doc. 42.) In support, Defendant filed a Statement of Unconverted Facts, as required by the L. R. 56.1, supported by the Affidavit of Defendant Tracy Martin. (Docs. 43 and 44.) Defendant's brief explains that Paige was approved for a kosher diet. Defendant, as the Food Director, is in charge of producing the food and not designing the authorized religious diet itself, which is the province of the facility's dietician. (Doc. 42 at 7.) The pots and utensils used for kosher food are kept and washed separately. "To the extent possible, given the physical facilities available and resources provided by YCDF," the food and materials for kosher meals are kept separate from non-kosher food and materials. (Doc. 42 at 7.) Defendant emphasizes three unanswered requests for admission: that Paige was served kosher meals at Yellowstone County, ate them, and received adequate nutrition. (Doc. 43 at 5 – 6.)

3

In response, Paige disputes Defendant's factual assertions. (Doc. 47.) First, he states that though Defendant was following the policy and diet established by others, no rabbi was involved or blessed the meals, "so by admission the meals are not kosher..." (Doc. 47 at 1.) Paige's conclusion is that the food "was not up to Jewish Religious Standards." (Doc. 47 at 2.) His second point is that even though the kosher pans were washed separately from the non-kosher pans, the same dishwashers were used, "making them unclean." (Doc. 47 at 1.) Paige construes this "admission" by Defendant as establishing not only her liability, but that of her employer, Summit, and dietician John Smith, neither of whom are currently defendants in this matter. (Doc. 47 at 2.) Finally, Paige disputes Defendant's assertion that she served discovery requests on him that went unanswered. (Doc. 47.)

Paige's brief relies on his factual assertion that the food was not properly kosher, but Paige failed to file the required Statement of Disputed Facts, despite being advised of the requirement in a *Rand* notice filed by Defendant. (Doc. 45.) As the Local Rule says, "Failure to file a Statement of Disputed Facts will be deemed an admission that no material facts are in dispute." L.R. 56.1(d).

As a preliminary matter, Paige's request for relief in his Complaint is sequential: he asks for injunctive relief, in the form of ordering specific frozen kosher meals, but "if case goes to trial after a court order for an injunction, I will

4

be asking for an award of $100,000 in punitive damages and $1 in nominal damages." (Doc. 2 at 5.) Paige is no longer detained at Yellowstone County and does not appear likely to return, as he is a federal inmate no longer in Montana. His request for injunctive relief is thus moot. *See Rhodes v. Robinson,* 408 F.3d 559, 566 n. 8 (9th Cir.2005) (prayers for injunctive relief are mooted by a prisoner's release or transfer to another facility). Paige's request for damages appears contingent on the issuance of an injunction, which is no longer available. Accordingly, Paige's Complaint as a whole may be moot at this point. However, even if considered on the merits, Defendant is entitled to summary judgment.

"In ruling on a prisoner's First Amendment free exercise claim, we first determine whether the challenged prison policy or practice substantially burdened the prisoner's free exercise of his or her religion." *Long v. Sugai*, 91 F.4th 1331, 1337 (9th Cir. 2024). A "substantial burden exists when the state places 'substantial pressure on an adherent to modify his behavior and to violate his beliefs.'" *Jones v. Slade*, 23 F.4th 1124, 1142 (9th Cir. 2022) (quoting *Warsoldier v. Woodford*, 418 F.3d 989, 995 (9th Cir. 2005)). "[M]ore than an inconvenience on religious exercise," a substantial burden has "a tendency to coerce individuals into acting contrary to their religious beliefs." *Jones v. Williams*, 791 F.3d 1023, 1031–32 (9th Cir. 2015) (quoting *Ohno v. Yasuma*, 723 F.3d 984, 1011 (9th Cir. 2013)). On the facts before the Court, Defendant's practices at Yellowstone

5

County did not substantially burden Paige's free exercise of his religion.

"[T]he failure to provide food consistent with a prisoner's sincerely held religious beliefs constitutes a substantial burden on the prisoner's free exercise." *Long v. Sugai*, 91 F.4th 1331, 1337 (9th Cir. 2024); *McElyea v. Babbitt*, 833 F.2d 196, 198 (9th Cir. 1987) (per curiam) ("Inmates ... have the right to be provided with food sufficient to sustain them in good health that satisfies the dietary laws of their religion."). This matter comes down to a factual dispute over whether the practices the defendant engaged in "substantially burdened" Paige's religious practice. That is not exactly the same as a dispute over what, exactly, the required practices are. Paige's Complaint did not allege any of the required specific practices. In his response, he provides conclusions about what they might be, but he has not entered any evidence into the record. Paige asserts, without record support, that the meals are not sufficiently kosher, because they are not prepared by a rabbi, but there is no evidence to show that preparation by a rabbi is required. Paige's other assertion is that washing the kosher dishes in the same dishwasher as the non-kosher dishes, even at different times, is not acceptable. Again, there is also no evidence in the record as to whether this assertion is factually correct, one way or the other.

The material question here is whether the Defendant substantially burdened Paige's religious practice, *with her own actions*. Given Defendant's position as the

Food Service Director, she had limited discretion in terms of providing Paige with kosher food. The facts in her affidavit show that she is following the menu created by a registered dietician, upon whom she relies to ensure adequate nutrition and compliance with kosher requirements. (Doc. 44 at 22.) She also washes the dishes separately, and serves the food on disposable trays, thus maintaining the food's kosher status, as she understands it, with the resources she has available. She was not a decisionmaker about the diet itself, or the facilities available in which to produce it. Paige has not provided evidence to dispute the sufficiency of these practices. Defendant is entitled to summary judgment.

### III.   CONCLUSION

Plaintiff Paige has failed to demonstrate that there is a genuine issue of material fact that prevents summary judgment as to whether Defendant Tracey substantially burdened Paige's free exercise of his religion. Defendant's motion is granted.

Accordingly, it is HEREBY ORDERED:

1. Defendant's motion for summary judgment is **GRANTED**. (Doc. 42.) The Clerk of Court is directed to close this matter and enter judgment, pursuant to Fed. R. Civ. P. 58.

2. The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure

that any appeal of this decision would not be taken in good faith.

DATED this 29th day of January, 2026.

_____
Donald W. Molloy, District Judge
United States District Court